IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00283-BNB

BILLY LEE LONGORIA,

    Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Billy Lee Longoria, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. On February 1, 2013, Mr. Longoria filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Denver District Court Case Nos. 04CR4688, 03CR3737, and 04CR1661. Mr. Longoria paid the $5.00 filing fee in a habeas corpus action.

On March 1, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On March 12, 2013, Respondents submitted their pre-answer response (ECF No. 10). On April 2, 2013, Mr. Longoria filed a reply (ECF No. 11) to the pre-answer response.

The Court must construe Mr. Longoria's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

In 2003 and 2004, Mr. Longoria was charged in three separate state cases – Denver District Court Case Nos. 04CR4688, 03CR3737, and 04CR1661 – involving ten distinct criminal counts. The cases were consolidated for trial. ECF No. 10, ex. A1, A2, A3; ex. B (*People v. Longoria*, No. 05CA2579 (Colo. Ct. App. Apr. 17, 2008) (not published)) at 3-4. On August 23, 2005, a jury convicted Mr. Longoria on two counts of theft, two counts of burglary of a dwelling, two counts of motor vehicle theft, one count of theft by receiving, and one count of criminal impersonation (ECF No. 10, ex. B at 3). On October 18, 2005, the state trial court sentenced Mr. Longoria to prison sentences totaling 117 years. ECF No. 10, ex. A1 at 5, A2 at 4-5, A3 at 5-6. Mr. Longoria appealed.

On April 17, 2008, the Colorado Court of Appeals affirmed Mr. Longoria's judgment of conviction. ECF No. 10, ex. B at 13. On June 2, 2008, Mr. Longoria filed a petition for writ of certiorari in the Colorado Supreme Court. ECF No. 10, ex. C. On September 15, 2008, the Colorado Supreme Court denied certiorari review. ECF No. 10, ex. D. Mr. Longoria did not appeal to the United States Supreme Court.

Instead, on January 30, 2009, Mr. Longoria filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. ECF No. 10, ex. A1 at 3, ex. A2 at 3, ex. A3 at 4. On February 12, 2009, the state trial court denied the Colo. R. Crim. P. 35(b) motion. ECF No. 10, ex. A1 at 3, ex. A2 at 3, ex. A3

at 4.  Mr. Longoria did not appeal.

On December 9, 2009, he filed *pro se* a Colo. R. Crim. P. 35(c) motion.  ECF No. 10, ex. A1 at 3, ex. A2 at 3, ex. A3 at 3.  On January 13 and 14, 2010, the state trial court summarily denied two claims on procedural grounds, but ordered the prosecution to respond to Mr. Longoria's claim of ineffective assistance of counsel.  ECF No. 10, ex. A1 at 3, ex. A2 at 3, ex. A3 at 3.  On July 29, 2010, the state trial court denied the ineffective-assistance-of-counsel claim on the merits.  ECF No. 10, ex. A1 at 2, ex. A2 at 2, ex. A3 at 2.  Mr. Longoria appealed.

On April 26, 2013, the Colorado Court of Appeals affirmed.  ECF No. 10, ex. H (*People v. Longoria*, No. 10CA1895 (Colo. Ct. App. Apr. 26, 2012) (not published)) at 17.  Mr. Longoria filed a petition for writ of certiorari.  ECF No. 10, exs. I.1 and I.2.  On November 27, 2012, the Colorado Supreme Court denied certiorari review.  ECF No. 10, ex. J.

On February 1, 2013, Mr. Longoria filed the instant habeas corpus application raising one claim of ineffective assistance of counsel based upon three grounds:

> 1. Whether trial counsel was ineffective because he failed to question adequately a potentially biased juror candidate who ultimately became the jury foreman;
>
> 2. Whether trial counsel was ineffective because he failed to request disqualification of a biased juror during trial or request an alternate be used;
>
> 3. Whether trial counsel was ineffective because he failed to request that the state trial judge recuse himself when it became apparent the judge was partial in the case.

ECF No. 1 at 7-8.

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Longoria's criminal case became final.  The Colorado Supreme Court denied certiorari review in Mr. Longoria's direct appeal of his criminal conviction on September 15, 2008.  Mr. Longoria did not seek a writ of certiorari

from the United States Supreme Court. As a result, his conviction became final ninety days later, on December 14, 2008, when the time in which he could have petitioned for review in the United States Supreme Court expired. See Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year limitations period for purposes of § 2244(d) began to run on December 14, 2008, the date that direct appeal concluded. *See Holland v. Florida*, 130 S. Ct. 2549, 2555 (2010).

The Court next must determine whether Mr. Longoria's state court postconviction motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The one-year period of limitation ran for **47** days until January 30, 2009, when Mr. Longoria filed his Colo. R. Crim. P. 35(b) motion. Since the state trial court denied the motion on February 12, 2009, and Mr. Longoria did not appeal, and assuming the February 12, 2009, order was final for purposes of appeal and appealable, Mr. Longoria

would have been allowed forty-five days, or until March 29, 2009, in which to appeal from the February 12, 2009, order.  *See Gibson*, 232 F.3d at 804; *see also* Colo. App. R. 4(b) (2011) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal).

Therefore, the limitation period began to run on March 29, 2009, and continued unabated for an additional **255** days until December 9, 2009, when Mr. Longoria filed his Colo. R. Crim. P. 35(c) motion.  The Rule 35(c) motion remained pending until November 27, 2012, when the Colorado Supreme Court denied certiorari review.  *See Barnett*, 167 F.3d at 1323.

Respondents argue the limitation period then ran for an additional **66** days until Mr. Longoria filed the instant habeas corpus application on February 1, 2013.  In his reply, Mr. Longoria contends the Court should apply the prisoner mailbox rule and treat January 30, 2013, the date the application was signed and the date listed on the certificate of service, ECF No. 1 at 13 and 14, as the date the application was filed.  However, even if the Court considers January 30, 2013, under the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 275-76 (1988), as the filing date and determines the limitations period ran for an addition **64** days, the application still is untimely (47 days +255 days +64 days = 366 days).  As a result, the instant action was filed after the one-year limitations period expired.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland*, 130 S. Ct. at 2562.  Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently"

6

and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace*, 544 U.S. at 418; *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). Mr. Longoria bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *McQuiggin*, 133 S. Ct. at 1928. However, "tenable actual-innocence gateway pleas are rare." *Id.* To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1935 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)). The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1928, 1935. Furthermore, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1936. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Mr. Longoria fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons. Therefore, the Court finds no basis for equitable tolling in this action. For these reasons, the Court finds that this action is barred by the one-year limitation period, and the action will be dismissed for that reason. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Longoria files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United

States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  28th  day of    June   , 2013.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court