IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00283-BNB

BILLY LEE LONGORIA,

    Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER ASSIGNING CASE AND FOR ANSWER

---

    Applicant, Billy Lee Longoria, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  He initiated this action by filing *pro se* on February 1, 2013, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his convictions in Denver District Court Case Nos. 04CR4688, 03CR3737, and 04CR1661.

    On June 28, 2013, the Court entered an order (ECF No. 12) denying the habeas corpus application and dismissing the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  The judgment (ECF No. 13) was entered on the same day.  On June 19, 2014, the United States Court of Appeals for the Tenth Circuit entered an order (ECF No. 30) that reversed and remanded, finding that the application was timely. The mandate (ECF No. 31) was entered on July 11, 2014.  An order reinstating the instant action (ECF No. 32) was entered on July 25, 2014.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that, for the reasons stated below, this case does not appear to be appropriate for summary dismissal, and should be assigned to a presiding judge and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Respondents will be directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the asserted claims.

The Court must construe liberally the filings of Mr. Longoria because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

In 2003 and 2004, Mr. Longoria was charged in three separate state cases – Denver District Court Case Nos. 04CR4688, 03CR3737, and 04CR1661 – involving ten distinct criminal counts. The cases were consolidated for trial. ECF No. 10, ex. A1, A2, A3; ex. B (*People v. Longoria*, No. 05CA2579 (Colo. Ct. App. Apr. 17, 2008) (not published)) at 3-4. On August 23, 2005, a jury convicted Mr. Longoria on two counts of theft, two counts of burglary of a dwelling, two counts of motor vehicle theft, one count of theft by receiving, and one count of criminal impersonation (ECF No. 10, ex. B at 3). On October 18, 2005, the state trial court sentenced Mr. Longoria to prison sentences totaling 117 years. ECF No. 10, ex. A1 at 5, A2 at 4-5, A3 at 5-6. Mr. Longoria appealed.

On April 17, 2008, the Colorado Court of Appeals affirmed Mr. Longoria's judgment of conviction. ECF No. 10, ex. B at 13. On June 2, 2008, Mr. Longoria filed a petition for writ of certiorari in the Colorado Supreme Court. ECF No. 10, ex. C. On

September 15, 2008, the Colorado Supreme Court denied certiorari review. ECF No. 10, ex. D. Mr. Longoria did not appeal to the United States Supreme Court.

Instead, on January 30, 2009, Mr. Longoria filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. ECF No. 10, ex. A1 at 3, ex. A2 at 3, ex. A3 at 4. On February 12, 2009, the state trial court denied the Colo. R. Crim. P. 35(b) motion. ECF No. 10, ex. A1 at 3, ex. A2 at 3, ex. A3 at 4. Mr. Longoria did not appeal.

On December 9, 2009, he filed *pro se* a Colo. R. Crim. P. 35(c) motion. ECF No. 10, ex. A1 at 3, ex. A2 at 3, ex. A3 at 3. On January 13 and 14, 2010, the state trial court summarily denied two claims on procedural grounds, but ordered the prosecution to respond to Mr. Longoria's claim of ineffective assistance of counsel. ECF No. 10, ex. A1 at 3, ex. A2 at 3, ex. A3 at 3. On July 29, 2010, the state trial court denied the ineffective-assistance-of-counsel claim on the merits. ECF No. 10, ex. A1 at 2, ex. A2 at 2, ex. A3 at 2. Mr. Longoria appealed.

On April 26, 2012, the Colorado Court of Appeals affirmed. ECF No. 10, ex. H (*People v. Longoria*, No. 10CA1895 (Colo. Ct. App. Apr. 26, 2012) (not published)) at 17. Mr. Longoria filed a petition for writ of certiorari. ECF No. 10, exs. I.1 and I.2. On November 27, 2012, the Colorado Supreme Court denied certiorari review. ECF No. 10, ex. J.

On February 1, 2013, Mr. Longoria filed the instant habeas corpus application raising one claim of ineffective assistance of counsel based upon three grounds:

> 1. Whether trial counsel was ineffective because he failed to question adequately a potentially biased juror candidate who ultimately became the jury foreman;

>    2.   Whether trial counsel was ineffective because he failed to request disqualification of a biased juror during trial or request an alternate be used;
>
>    3.   Whether trial counsel was ineffective because he failed to request that the state trial judge recuse himself when it became apparent the judge was partial in the case.

ECF No. 1 at 7-8.

Respondents argue that Mr. Longoria's claim of ineffective assistance of counsel is not exhausted because he failed to present the claim based on these three grounds to the Colorado Supreme Court. The Court is not persuaded.

Respondents specifically contend Mr. Longoria raised his three-part claim of ineffective assistance of counsel in his opening brief in the Colorado Court of Appeals. ECF No. 10, ex. E at 14-16. However, they contend Mr. Longoria failed to exhaust the three-part claim because he did not seek certiorari review on this claim, arguing instead before the Colorado Supreme Court that:

>    When a postconviction petitioner attaches documents supporting facts not on the record, does the trial court abuse its discretion by not holding a hearing for an ineffective assistance of counsel claim?

ECF No. 10, ex. I.1 at 10-11.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).  The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.  *See Rose*

*v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787, at *4 (D. Colo. Feb. 28, 2011) (unpublished).

The Court is unpersuaded by Respondents' arguments that a petition for writ of

6

certiorari still is necessary to exhaust state remedies in Colorado.  The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement.  *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); and *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

Although the Tenth Circuit has not addressed the specific issue, in *Prendergast v. Clements*, 699 F.3d 1182 (10th Cir. 2012), the Tenth Circuit "suggested" that presentation before the state's highest court is necessary to satisfy the exhaustion requirement.  In *Prendergast*, the Tenth Circuit noted that *Boerckel* requires a state habeas corpus applicant to present his claim to the state's highest court to satisfy the exhaustion requirement.  *Prendergast*, 699 F.3d at 1184 n.2.  However, absent a definitive holding by the Tenth Circuit on the effect of Colo. App. R. 51.1, this Court finds nonpersuasive Respondents' contention that Mr. Longoria's failure to raise his three-part claim of ineffective assistance in a petition for certiorari review to the Colorado Supreme Court demonstrates that the claim is unexhausted.  *See Hoeck v. Timme*, No. 13-cv-02575-WJM, 2014 WL 376398, at *6 (D. Colo. Feb. 03, 2014) (unpublished).  Respondents have not affirmatively shown that the asserted claim is unexhausted.  Therefore, on the basis of the current record, the Court is unable to conclude that Mr. Longoria's claim is unexhausted.

Accordingly, it is

ORDERED that this case is assigned to a presiding judge and, if appropriate, to a magistrate pursuant to D.C.COLO.LCivR 8.1(c).  It is

FURTHER ORDERED that **within thirty days of the filing of the state court record** Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Applicant's claim.  It is

FURTHER ORDERED that a traverse, if any, and only a traverse, may be filed **within thirty days of the filing of the answer**.

DATED at Denver, Colorado, this   29th   day of      July      , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court